UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRENE TARQUINO, DAVID TARQUINO, and
NOELIA TARQUINO,

Plaintiffs,

-against-

MUSE ENTERPRISES, INC.; MUSE
ENTERPRISES INC. RETIREMENT TRUST II
PENSION PLAN; MUSE ENTERPRISES INC.
PROFIT SHARING AND 401K PLAN; and,
MICHELLE ANDREWS, individually and in her
capacity as a fiduciary for MUSE ENTERPRISES
INC. RETIREMENT TRUST II PENSION PLAN,
and, MUSE ENTERPRISES INC. PROFIT
SHARING AND 401K PLAN,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/9/2020_

19 Civ. 3434 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Irene Tarquino, David Tarquino, and Noelia Tarquino, bring this action against

Defendants, Muse Enterprises Inc. ("Muse Enterprises"), Michelle Andrews, in her individual

capacity as their former employers and as a fiduciary for Muse Enterprises Inc. Retirement Trust II

Pension Plan, and Muse Enterprises Inc. Profit Sharing and 401K Plan, two pension plans.  Compl.

¶ 1, ECF No. 46.  Plaintiffs allege that they were common law employees, but misclassified as

independent contractors and denied overtime and pension benefits in violation of the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law, § 190 *et seq.* ("NYLL"),

and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Compl. ¶¶ 139–184.  Plaintiffs also allege breach of contract claims regarding Defendants' failure to

pay for work-related health care costs, and seek compensation for services performed for Defendants

under the theory of *quantum meruit*.  *See* Compl. ¶¶ 185–194.  Defendants move to dismiss the

complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. ECF No. 49. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015). Muse Enterprises is a business that provides interior decorating services, as well as antique furniture, and fine art for sale. *Id.* ¶ 15. Plaintiffs are former household and business-related staff who worked for Michelle Andrews, the sole owner and executive officer of Muse Enterprises, in Andrew's Manhattan home, which she also used for business purposes. Compl. ¶¶ 19, 66–82.

Irene Tarquino worked as the "primary" employee of Defendants, from 2002 to 2017, performing duties such as cleaning, maintaining Andrews' home and the Muse Enterprises showroom, food shopping and preparation, childcare, and running personal errands for Andrews, such as dropping-off of dry cleaning. *Id.* ¶ 85. David Tarquino worked for Defendants from 2009 through 2016 as a driver, child-care provider, personal assistant, and administrative assistant. *Id.* ¶¶ 10, 166. In 2015, David Tarquino sustained a work-related injury, and Andrews made an oral promise to pay his medical bills, which amounted to $89,686.92. *Id.* ¶¶ 124, 190. In exchange, he promised to continue working for the Muse Defendants on a full-time basis. *Id.* ¶ 125. Andrews demanded that the medical provider decrease the medical bills, and when the provider refused, Andrews did not pay. *Id.* ¶ 124. Noelia Tarquino, Irene Tarquino's daughter, worked for Defendants from 2012 to 2015 as an administrative assistant, child-care provider, and personal assistant. *Id.* ¶¶ 12, 89.

Andrews considered Plaintiffs independent contractors and treated them as such for the purposes of compensation and benefits. *Id.* ¶ 81. Each year Plaintiffs worked for Defendants, they

each received a 1099 IRS tax form reporting their income.  Compl. ¶ 81.  Plaintiffs received this

form, which is used to report payments to nonemployee individuals such as independent

contractors, instead of an IRS W-2 form, which is used to report payments made to employees.

*See id.*

Muse Enterprises operated at least two employee pension benefit plans within the meaning

of ERISA Section (3)(2)(A), 29 U.S.C. § 1002(2)(A):  Defendant Muse Enterprises Inc. Retirement

Trust II Pension Plan, and Defendant Muse Enterprises Inc. Profit Sharing and 401K Plan, which

are available to common law employees, and therefore, not available to Plaintiffs.  *Id.* ¶ 34; *see*

*also id.* ¶¶ 50–53.

## DISCUSSION

I.      Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual

allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007) (internal quotation marks omitted)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged."  *Id.*

A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must

assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must

be enough to raise a right to relief above the speculative level."  *Id*.  A court must accept the factual

allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  "[T]he purpose of Federal Rule of

Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's

statement of a claim for relief without resolving a contest regarding its substantive merits." *Halebian*

*v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal quotation marks and citation omitted).

    II.     <u>Analysis</u>

        A.  FLSA and NYLL Claims

Plaintiffs allege wage and hour claims pursuant to the FLSA and NYLL.  *See* Compl. ¶¶ 139–

152.  Each has a statute of limitations that defines the time period in which Plaintiffs must bring their

claims.  "The statute of limitations for [a] FLSA claim is two years, unless the violation is 'willful,' in

which case it is three years."  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (citing

29 U.S.C. § 255(a)).  The limitations period for the NYLL is six years.  *Nakahata v. New York-*

*Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 n.4 (2d Cir. 2013) (citing N.Y. Lab. Law §

663(3)).  Irene Tarquino worked for Defendants from 2002 to 2017; David Tarquino worked for

Defendants from 2009 until 2016, and Irene Tarquino worked for Defendants from 2012 to 2014.

Compl. ¶¶ 83, 111, 129.

Defendants move to dismiss Plaintiffs' FLSA claims accruing prior to April 17, 2016, three

years earlier than the date this action was filed, and their NYLL claims accruing prior to April 17,

2013, as time-barred.[1]   Def. Mem. at 8–9, ECF No. 51.  Plaintiffs argue that their complaint does not

allege that any of their wage and hour claims cover pay earned or hours worked outside of the

applicable statutes of limitations.  Pl. Opp. at 6, ECF No. 54.  Although this is true, the complaint

does not explicitly define the time period that corresponds to Plaintiffs' claims.  *See* generally

Compl. ¶¶ 139–152.

In the interest of clarity, therefore, the Court holds that Plaintiffs' FLSA claims accruing prior

to April 17, 2016, and any of Plaintiffs' NYLL claims accruing prior to April 17, 2013, are time-

barred.  The Court does not, at this time, decide whether the two-year or three-year FLSA statute of

---

[1] Defendants raise the three-year statute of limitations for Plaintiffs' FLSA claims.

limitation applies.  *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012)

("Whether or not a violation of the FLSA is willful is a fact-intensive inquiry not appropriately

resolved on a motion to dismiss." (internal quotation marks omitted)).

Accordingly, with respect to FLSA claims accruing before April 17, 2016 and NYLL claims

accruing before April 17, 2013, Defendants' motion to dismiss Plaintiffs' FLSA and NYLL claims as

time barred is GRANTED, and otherwise DENIED.

B.   ERISA-Based Claims

Plaintiffs' ERISA-based claims, counts IV through VII of the complaint, are untimely.

Compl. ¶¶ 153–184.  ERISA Section 502(a)(1)(13) "creates a cause of action for, *inter alia*, a

participant in a pension plan covered by ERISA 'to recover benefits due to him under the terms of

his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

under the terms of the plan.'"  *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan,* 201 F.3d

44, 46 n.2 (2d Cir. 1999) (quoting 29 U.S.C. § 1132(a)(1)(13)).  ERISA "does not prescribe a

limitations period for 29 U.S.C. § 1132 actions."  *Burke v. PriceWaterHouseCoopers LLP Long Term*

*Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009).  Rather, "the applicable limitations period is that

specified in the most nearly analogous state limitations statute," which the Second Circuit has

determined is "New York's six-year limitations period for contract actions, N.Y. C.P.L.R. 213."  *Id.*

(internal quotation marks and citations omitted).

A claim under Section 502(a)(1)(B) "accrues when a plan clearly and unequivocally

repudiates the plaintiff's claim for benefits and that repudiation is known, or should be known, to the

plaintiff."  *Carey,* 201 F.3d at 49–50.  For individuals who, like Plaintiffs, claim they have been

misclassified, repudiation occurs "when the beneficiary first learns that she is considered an

independent contractor and is therefore not entitled to benefits, regardless of whether she later files a

formal claim for benefits."  *Schulman v. Herbert E. Nass & Assocs. SEP IRA Plan*, No. 10 Civ. 9613,

2013 WL 4860119, at \*4 (S.D.N.Y. Sept. 11, 2013) (internal quotation marks and citation omitted);

*see also Reches v. Morgan Stanley & Co. Inc.*, 687 F. App'x 49, 50 (2d Cir. 2017) (summary order).

Courts in this district have found that receiving a 1099 IRS tax form from an employer,

constitutes repudiation, triggering the statute of limitations, because it identifies the individual as an

independent contractor. *See, e.g.*, *Schulman*, 2013 WL 4860119, at \*4 (S.D.N.Y. Sept. 11, 2013)

("Schulman testified that sometime before he filed his tax returns in April 2004 . . . he received a

Form 1099 from [d]efendants which identified him as an independent contractor . . . . Accordingly,

by April 2004, Schulman was aware that he was classified as an independent contractor and on clear

notice that he was not entitled to benefits." (internal quotation marks, alteration, and citation

omitted)); *Reches v. Morgan Stanley & Co.*, No. 16 Civ. 1663, 2016 WL 4530460, at \*3 (E.D.N.Y.

Aug. 29, 2016), *aff'd*, 687 F. App'x 49 (2d Cir. 2017) (holding that plaintiff, who received a Form

1099 from his employer, "was on notice that defendant did not classify plaintiff as its employee and

that he had been deemed ineligible for employee benefits at the time he received his first paycheck as

an independent contractor").

Plaintiffs received a 1099 IRS tax form reporting their income each year they worked for

Defendants. Compl. ¶ 81. This, of course, is not proof that Plaintiffs were in fact independent

contractors, but it is proof that each Plaintiff was aware that Defendants classified them as

independent contractors. That is when their ERISA claims accrued. *See Stolarik v. New York Times

Co.*, 323 F. Supp. 3d 523, 547 (S.D.N.Y. 2018). Thus, Irene Tarquino's ERISA-based claims began

to accrue in 2002 and were time-barred by the end of 2008; David Tarquino's claims began to accrue

in 2009 and were time-barred by the end of 2015; and Irene Tarquino's claims began to accrue in

2012 and were time-barred by the end of 2018. Because Plaintiffs filed this action in 2019, *see* ECF

No. 1, the time to bring their ERISA claims had lapsed prior to bringing suit.

Accordingly, Defendants' motion to dismiss Plaintiffs' ERISA-based claims, counts IV–VII,

as time-barred, is GRANTED.

        C.  *Quantum Meruit*

Plaintiffs have adequately pleaded a claim based on the theory of *quantum meruit*.  Compl.

¶¶ 185–188.  "*Quantum meruit* is a doctrine of quasi contract."  *Longo v. Shore & Reich, Ltd.*, 25

F.3d 94, 98 (2d Cir. 1994).  "The purpose of the quantum meruit doctrine is 'to make sure that a

person who receives the benefit of services pays the reasonable value of such services to the person

who performed them.'"  *Vioni v. Providence Inv. Mgmt.*, LLC, 750 F. App'x 29, 32 (2d Cir. 2018)

(quoting *Zolotar v. New York Life Ins. Co.*, 576 N.Y.S.2d 850, 854 (App. Div. 1991)).  "In order to

recover in quantum meruit under New York law, a claimant must establish (1) the performance of

services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3)

an expectation of compensation therefor, and (4) the reasonable value of the services."  *Mid-Hudson*

*Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (internal

quotation marks and citation omitted).

Under New York law, a *quantum meruit* claim is subject to a six-year statute of limitations.

*See* N.Y. C.P.L.R. § 213(1); *see also IMS Eng'rs-Architects, P.C. v. State*, 858 N.Y.S.2d 486, 489 n.2

(App. Div. 2008) (noting that six-year statute of limitations applies to causes of action in quasi-

contract).  The statute of limitations "begins to run on a claim for quantum meruit when the final

service has been performed."  *Scott v. Rosenthal*, No. 97 Civ. 2143, 2001 WL 968992, at *8

(S.D.N.Y. Aug. 24, 2001) (internal quotation marks and citation omitted), *aff'd*, 53 F. App'x 137 (2d

Cir. 2002).

Defendants argue that Plaintiffs' *quantum meruit* claims are time-barred.  They contend that

any such claim accrued when Plaintiffs were first allegedly misclassified as independent contractors.

Def. Mem. 22–23.  The Court disagrees.  Plaintiffs' *quantum meruit* claims accrued when "final

service [was] performed," *i.e.*, when they stopped working for Defendants.  *See, e.g.*, *Scott*, 2001 WL

968992, at *8 (holding that because plaintiff's employment was terminated on July 4, 1995, the commencement of her action on March 27, 1997 "was well within the six year statute of limitation"); *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004) (holding that lawyer's right to recover in *quantum meruit* accrues immediately upon discharge without cause); *see also Kargo, Inc. v. Pegaso PCS, S.A. DE C.V.*, No. 05 Civ. 10528, 2009 WL 1289259, at *6 n.6 (S.D.N.Y. May 11, 2009) (stating that *quantum meruit* claims may only cover period during which plaintiff actually rendered services and that no claim could accrue after plaintiff was terminated).

Irene Tarquino's employment by Defendants ended in 2017; David Tarquino's in 2016; and Noelia Tarquino's in 2014.  Compl. ¶¶ 83, 111, 129.  This action, filed in 2019 was, therefore, initiated within six years of each Plaintiffs' final act of service for Defendants.  *See Scott*, 2001 WL 968992, at *8.  Of course, Plaintiffs are not entitled to recover for the value of services performed outside of the six-year statute of limitations.  *See Moors v. Hall,*  532 N.Y.S.2d 412, 415–16 (App. Div. 1988) (holding that plaintiff was not entitled to recover for the value of domestic services for the time period that fell more than six years before her filing of suit).  The claims within the statute of limitations, however, are timely.

Defendants next argue that Plaintiffs' *quantum meruit* claim should be dismissed on the merits.  They contend that Plaintiffs seek compensation for the value of Federal Insurance Contributions Act ("FICA") payroll taxes, but that FICA does not provide for a private cause of action "whereby an employee may sue an employer for a failure to make a required contribution." *Ferro v. Metro. Ctr. for Mental Health*, No. 13 Civ. 2347, 2014 WL 1265919, at *5 (S.D.N.Y. Mar. 27, 2014); *see* Def. Mem. at 23–24.  Defendants' characterization of Plaintiffs' claim, however, does not negate Plaintiffs' characterization of, and pleadings in relation to, their cause of action, particularly at the motion to dismiss stage.  Here, Plaintiffs' claim is based on common law, *see*

Compl. ¶¶ 185–188, and not the FICA.  Plaintiffs allege that they performed services for Defendants, which were accepted by them.  *See id.*  Their claim is for the full value of their services, which they allege they were deprived of receiving because of Defendants' intentional misclassification of them as "independent contractors."  *Id.*  Plaintiffs allege that the value of the claim is informed by, among other things, the value of the benefits that Defendants failed to afford them by improperly classifying them as independent contractors, thereby avoiding payment of employer's contribution for Plaintiffs' FICA taxes, Social Security earnings, eligibility for workers' compensation and unemployment benefits, as well as other benefits for which Plaintiffs were eligible.  *Id.* ¶¶ 185–188.  Plaintiffs, therefore, have adequately pleaded a claim under the theory of *quantum meruit*.  *See Mid-Hudson Catskill Rural Migrant Ministry*, 418 F.3d at 175.

Accordingly, having found that Plaintiffs' have pleaded a timely *quantum meruit* claim, Defendants' motion to dismiss this cause of action is DENIED.

### D.  Breach of Oral Contract

David Tarquino has adequately pleaded a breach of oral contract claim against Andrews. Defendants argue that the alleged oral contract is unenforceable under New York's Statute of Frauds. Def. Mem. at 25–26.  The Statute of Frauds exists to prevent contract fraud.  *Kaplan v. Old Mut., PLC*, No. 08 Civ. 8366, 2009 WL 10655794, at *2 (S.D.N.Y. July 10, 2009).  It "forbids the imposition of a performance obligation on a defendant necessarily extending beyond one year, in the absence of a writing(s) which sets forth all of the essential terms of the agreement imposing that performance obligation."  *Multi–Juice, S.A. v. Snapple Beverage Corp.*, No. 02 Civ. 4635, 2006 WL 1519981, at *10 (S.D.N.Y. June 1, 2006) (internal quotation marks and citation omitted); *see also* N.Y. Gen. Oblig. Law § 5-701(a)(1) ("Every agreement . . . is void, unless it . . . be in writing, and subscribed by the party to be charged therewith . . . if such agreement . . . [b]y its terms is not to be performed within one year from the making thereof.").

9

The Statute of Frauds focuses on the "performance of the *contract* and not just one party thereto." *Guilbert v. Gardner*, 480 F.3d 140, 151 (2d Cir. 2007) (internal quotation marks and citation omitted). "[F]ull performance by all parties," therefore, "must be possible within a year to satisfy the Statute of Frauds." *Id.* (internal quotation marks and citation omitted). "If an agreement may be fairly and reasonably interpreted to permit performance within a year, the Statute of Frauds will not bar a breach of contract action no matter how improbable it may be that performance will actually occur within that time frame." *Id.*

David Tarquino alleges that when he sustained a work-related injury in 2015, Andrews promised to pay his medical care bills. Compl. ¶ 124. Andrews declined to do so, however, after the medical provider refused to decrease its bill. *Id.* In consideration of Andrews' promise, David Tarquino agreed to "continue[] rendering . . . services to the Defendants despite his injured status." *Id.* ¶ 192. It is unclear whether David Tarquino's performance under the contract, *i.e.*, his agreement to continue rendering services despite his injuries, could be performed within a year or not. If this agreement required David Tarquino to continue working for the Muse Enterprises, indefinitely, such a period would be greater than a year and would be rendered unenforceable by the Statute of Frauds. On the other hand, if the agreement required David Tarquino to work through his injuries, which impaired him for less than a year, then such a contract would not run afoul of the Statute of Frauds. *See Guilbert*, 480 F.3d at 151 (holding that because an at-will employment relationship may be completed within a year, full performance of an employment agreement's provision obliging employer to make a $10,000 contribution to plaintiff's pension fund was not in violation of the Statute of Frauds).

Because the Court accepts Plaintiffs' factual allegations as true and draws all reasonable inferences in their favor, *Chambers*, 282 F.3d at 152, and because the agreement as alleged "may be fairly and reasonably interpreted to permit performance within a year," *Guilbert*, 480 F.3d at 151, the

Court finds that for the purposes of Defendants' motion to dismiss, the Statute of Frauds does not bar Plaintiffs' breach of contract claim.

Accordingly, Defendants' motion to dismiss Plaintiffs' breach of an oral contract claim is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED with respect to (1) Plaintiffs' ERISA-based claims, Counts IV-VII, and (2) Plaintiffs' FLSA claims accruing before April 17, 2016 and NYLL claims accruing before April 17, 2013.  The motion is otherwise DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 49.

SO ORDERED.

Dated: July 9, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge