UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IRENE TARQUINO, et al.,

                                                **Plaintiffs,**                      **19-CV-03434 (AT)(SN)**

            -against-                                              **ORDER**

**MUSE ENTERPRISES INC., et al.,**

                                                **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On August 19, 2020, Defendants filed a letter seeking Plaintiffs' bank records for the purposes of establishing Mrs. Tarquino's income and employers. The Court held oral argument on this dispute the following day. During argument, defense counsel focused entirely on cash deposits:

> So [Plaintiffs] were paid in cash by both defendants and by other clients that they had. . . . Ms. Tarquino testified that when she received cash in payment, she would deposit it in the bank. And so all we want to do is establish what she was paid by the defendants. . . . So we can cross-reference the known payments that were made to Ms. Tarquino with deposits in the bank account, establish what she received from the defendants, and then ask her about other deposits that are presumably from other clients.

Aug. 20, 2020 Hearing Tr. 19:3-16. The Court granted Defendants' application and ordered Plaintiffs to produce bank records of cash deposits. The Court authorized Plaintiffs to redact any information that did not reveal cash deposits. Id. at 30:11-15.

       On September 15, 2020, Defendants filed a letter seeking an order directing Plaintiffs to serve unredacted bank records. In part, Defendants requested proof of *all* deposits (regardless of whether by check or cash), including from Defendant Muse Enterprises and any other employer. ECF No. 97. Plaintiffs opposed the motion largely on the ground that they complied with the

Court's August 20 Order to produce bank records for cash deposits. ECF No. 98. The Court denied Defendants' application in the main on September 20, 2020.

On September 22, 2020, Defendants filed another letter seeking reconsideration of the Court's September 20 Order (and therefore reconsideration of the Court's August 20 Order). ECF No. 100. Plaintiffs opposed the letter motion. ECF No. 101.

Discovery disputes raised with the Court are not intended to be an iterative process, where a party tries to get closer to a desired result with each round of applications. Defendant sought discovery of cash deposits and that application was granted after extensive discussion on the record. Had the Defendants pressed for check deposits during the August 20 hearing, the Court might have ruled in their favor at that time. But the Court will not reward the practice of serial applications by granting such relief now. Fact discovery in this relatively straight forward wage and hour case has been ongoing for over a year and is scheduled to close on October 9, 2020. The Court does not expect further motion practice on this dispute. Plaintiffs' request for sanctions is denied but Defendants are admonished that by unreasonably and vexatiously multiplying these proceedings the Court may order fees and costs in the future. See 28 U.S.C. § 1927. The Clerk of Court is respectfully directed to deny the motion at ECF No. 100.

**SO ORDERED.**

DATED:   New York, New York
         October 5, 2020

_____
SARAH NETBURN
United States Magistrate Judge