UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRENE TARQUINO, DAVID TARQUINO,
and NOELIA TARQUINO,

                      Plaintiffs,

          -against-

MUSE ENTERPRISES, INC.; MUSE
ENTERPRISES INC. RETIREMENT TRUST II
PENSION PLAN; MUSE ENTERPRISES, INC.
PROFIT SHARING AND 401(K) PLAN; and
MICHELLE ANDREWS, individually and in her
capacity as fiduciary for MUSE ENTERPRISES
INC. RETIREMENT TRUST II PENSION PLAN,
and MUSE ENTERPRISES, INC. PROFIT
SHARING AND 401(K) PLAN,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2020

19 Civ. 3434 (AT) (SN)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Irene Tarquino, David Tarquino, and Noelia Tarquino, bring this action against

Defendants, Muse Enterprises Inc., two pension plans, Muse Enterprises Inc. Retirement Trust II

Pension Plan and Muse Enterprises Inc. Profit Sharing and 401K Plan, and Michelle Andrews, in

her individual capacity as their former employer and as a fiduciary for the two pension plans.

Compl. at 1, ECF No. 46.  Defendants moved to dismiss, and on July 9, 2020, the Court granted

in part and denied in part the motion (the "July Order").  *Tarquino v. Muse Enterprises, Inc*., No.

19 Civ. 3434, 2020 WL 3871512 (S.D.N.Y. July 9, 2020).  Plaintiffs now move for

reconsideration of that decision pursuant to Local Civil Rule 6.3.  ECF No. 87.  For the reasons

stated below, Plaintiffs' motion is DENIED.

**DISCUSSION**

I.     Legal Standard

Plaintiffs bring their motion for reconsideration under Local Civil Rule 6.3.  Rule

6.3 provides that a "notice of motion for reconsideration or reargument of a court order

determining a motion . . . shall be served with . . . a memorandum setting forth concisely the

matters or controlling decisions which counsel believes the Court has overlooked."  Thus, "to be

entitled to reargument and reconsideration, the movant must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying

motion."  *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  The movant must also

demonstrate that the controlling law or factual matters "might reasonably be expected

to alter the court's decision."  *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342

(S.D.N.Y. 2002).  Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been considered fully by the Court."  *Dietrich*, 198

F.R.D. at 399.

    II.       <u>Analysis</u>

Plaintiffs ask the Court to reconsider its holding that their claims for benefits and for

breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") are

time-barred.  The Court addresses each request in turn.

First, the Court held that Plaintiffs' claims began to accrue when they received a 1099

IRS tax form from Defendants. July Order, 2020 WL 3871512, at *3.  Plaintiffs reiterate an

argument they made in opposition to Defendants' motion to dismiss:  they contend that their

claims did not begin to accrue until they "knew or should have known that there was an

employee benefit or an employee plan benefit they would be denied because of receiving the

1099 form."  Pl. Mem. at 2–3, ECF No. 88; Pl. Opp'n to Mot. to Dismiss at 12–18, ECF No. 54.

Plaintiffs continue to misunderstand the doctrine.  The Court considered this argument and

rejected it because courts in this circuit have found that receiving a 1099 IRS tax form from an

employer triggers the statute of limitations, regardless of the employee's knowledge of the

impact of his classification on his pension status.  *See, e.g.*, *Schulman v. Herbert E. Nass &*

*Assocs. SEP IRA Plan*, No. 10 Civ. 9613, 2013 WL 4860119, at \*4 (S.D.N.Y. Sept. 11, 2013);

*Reches v. Morgan Stanley & Co.*, No. 16 Civ. 1663, 2016 WL 4530460, at \*3 (E.D.N.Y. Aug.

29, 2016), *aff'd*, 687 F. App'x 49 (2d Cir. 2017).  Reconsideration will not, therefore, be granted

on this basis.

Second, Plaintiffs argue that reconsideration is warranted because the Court applied the

incorrect statute of limitations to its breach of fiduciary duty claims and should have applied the

provision outlined in 29 U.S.C. § 1113.  Pl. Mem. at 2–6.  Even under this provision, Plaintiffs'

claims are time-barred.  Section 1113 limits claims brought "three years after the earliest date on

which the plaintiff had actual knowledge of the breach or violation . . . except . . . in the case of

fraud or concealment"  29 U.S.C. § 1113(b).  Because Plaintiffs received a 1099 IRS tax form

reporting their income each year they worked for Defendants, Compl. ¶ 81, each Plaintiff had

actual knowledge that Defendants classified him or her as an independent contractor as of the

first date on which he or she received the form.  *Downes v. JP Morgan Chase & Co.*, No. 03 Civ.

8991, 2004 WL 1277991, at \*4 (S.D.N.Y. June 8, 2004) ("[T]he breach that triggers the statute

of limitations occurred when one or more fiduciaries of one or more of [the employer's]

employee benefits plans classified [plaintiff] as an independent contractor rather than as an

employee . . . It blinks reality to assert that [plaintiff] remained unaware of this alleged breach").

Further, Plaintiffs do not allege that Defendants fraudulently concealed their independent

contractor status.  *See generally* Compl.  Thus, under this provision, Irene Tarquino's claims

began to accrue in 2002 and were time-barred by the end of 2005; David Tarquino's claims

began to accrue in 2009 and were time-barred by the end of 2012; and Noelia Tarquino's claims

began to accrue in 2012 and were time-barred by the end of 2015.  Compl. ¶¶ 83, 89, 111.

Because Plaintiffs filed this action in 2019, *see* ECF No. 1, the time to bring their ERISA claims had lapsed prior to bringing suit, even under this statute of limitations.  Therefore, the Court adheres to its ruling that Plaintiffs' claims for benefits and breach of fiduciary duty are time-barred.  *See Montanile*, 216 F. Supp. 2d at 342.

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion for reconsideration, ECF No. 87, is denied.

The Clerk of Court is directed to terminate the motion at ECF No. 87.

SO ORDERED.

Dated:  December 14, 2020
        New York, New York

ANALISA TORRES
United States District Judge